## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASHAE L. BRANCH,<br><br>        Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,[1]<br><br>        Defendant. | Case No.: 3:21-cv-00785-KSC<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B) [Dkt. No. 25]** |

    Presently before the Court is plaintiff Jashae L. Branch's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). *See* Dkt. No. 25. Defendant, the Commissioner of Social Security, filed a response neither supporting nor opposing the request for fees. *See* Dkt. No. 28. Lawrence D. Rohlfing, plaintiff's counsel ("Counsel"), notified plaintiff that he could object to the amount of fees requested [Dkt. No. 25 at 2]; however, plaintiff lodged no objections. The Court finds plaintiff's Motion suitable for determination on the

---

[1]    Frank Bisignano became the acting Commissioner of Social Security on May 6, 2025. The Court substitutes Frank Bisignano as the defendant in this matter. *See* Fed. R. Civ. P. 25(d)(1).

papers submitted and without oral argument. *See* Dkt. No. 24 at 2; Fed. R. Civ. P. 78(b); CivLR 7.1(d)(1). For the following reasons, the Court **GRANTS** plaintiff's Motion.

## I.     BACKGROUND

Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income benefits on January 23, 2018, alleging disability commencing on May 22, 2017. Dkt. No. 1 at 2. The Commissioner denied the applications initially and upon reconsideration. *Id*. In a hearing before an administrative law judge ("ALJ"), the ALJ denied plaintiff's claim for benefits on September 10, 2020. *Id*.

To challenge the Commissioner's decision, plaintiff retained counsel and entered into a Social Security Representation Agreement ("Contingency Fee Agreement") on October 27, 2020. Dkt. No. 25-1. Under the Contingency Fee Agreement, Counsel is entitled up to "25% of the past-due benefits awarded [to plaintiff] upon reversal of any unfavorable ALJ decision." *Id*.

Plaintiff sought judicial review in this Court on April 21, 2021. *See* Dkt. No. 1. On June 9, 2022, this Court reversed the final decision of the Commissioner and remanded the case to the Social Security Administration for further administrative proceedings. *See* Dkt. No. 21. This Court further directed the Clerk of the Court to enter final judgment in favor of plaintiff and against defendant. *Id*.

On July 29, 2022, the parties filed their Joint Motion for the Award and Payment of Attorney's Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920. *See* Dkt. No. 23. This Court granted the Joint Motion and awarded plaintiff $3,225.00. *See* Dkt. No. 24.

On remand, the Commissioner granted plaintiff's application for benefits, entitling plaintiff to receive approximately $101,801.00 in past-due benefits on October 7, 2023. *See* Dkt. Nos. 25-2; 25-3. Additionally, the Notice of Award provided that $25,450.25 of the past-due benefits would be withheld to pay plaintiff's attorney. *Id*.

Counsel requests for an award of attorney's fees in the amount of $24,450.00, with a credit to plaintiff for $3,225.00 in attorney's fees previously paid out under the Equal

Access to Justice Act ("EAJA"). *See* Dkt. No. 25 at 1. The Commissioner filed a response which neither supported nor opposed the request for fees. Dkt. No. 28 at 2. Counsel provided notice to plaintiff that he could object to the amount of fees requested; however, plaintiff lodged no objections. Dkt. No. 25 at 2.

## II.   LEGAL STANDARD

Because this Court entered a judgment awarding plaintiff past-due benefits, the relevant fee provision is 42 U.S.C. § 406(b). Under § 406(b), the court may "allow" reasonable attorney's fees "not in excess of 25 percent" of any past-due benefits awarded to a claimant. *See* 42 U.S.C. § 405(b)(1)(A); *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford*, 586 F.3d at 1147 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).

A court reviewing a request for attorney's fees must first look at the fee agreement between the social security claimant and counsel, then test the fee for reasonableness. *See Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1148. "A fee resulting from a contingent-fee agreement is unreasonable and thus, subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits…." *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Moreover, where counsel is set to receive a windfall because "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *See Gisbrecht*, 535 U.S. at 808. To support reasonableness of the resulting fee "the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges." *Crawford*, 586 F.3d at 1151. However, "satellite litigation over attorney's fees should not be encouraged." *Id*. at 1152 (quoting *Gisbrecht*, 535 U.S. at 808). Finally, although the court's focus is on the reasonableness of the contingency agreement, the court can "consider the lodestar calculation but, *only as an aid* in assessing the reasonableness of the fee." *Id.*

A district court may award fees under § 406(b) to an attorney who previously received fees under the EAJA. However, in order to "maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys," a lawyer is "required to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012) (quoting *Gisbrecht,* 535 U.S. at 796).

### III. ANALYSIS

Following this Court's remand, an ALJ issued a decision awarding past-due benefits. Pursuant to 42 U.S.C. § 406(b), the Court will assess: (1) whether the attorney's fees requested by plaintiff's counsel are reasonable under § 406(b); and, (2) whether plaintiff's counsel must remit any fees previously awarded under the EAJA.

    a. The Requested Fees Are Reasonable and Do Not Require a Downward Adjustment

Counsel requests an award of attorney's fees in the amount of $24,450.00, representing approximately 24.02% of the past-due benefits. *See* Dkt. Nos. 25 at 3; 25-2; 25-3. The Court will first examine whether the Contingency Fee Agreement itself is reasonable and will then evaluate the reasonableness of the requested fees under the applicable factors in *Crawford*. 586 F.3d at 1146-53. If the Court determines that the fee is unreasonable, it will reduce the award accordingly.

First, the Court concludes that the Contingency Fee Agreement is reasonable. Plaintiff and Counsel entered into the Contingency Fee Agreement under which plaintiff would pay Counsel up to twenty-five percent (25%) of any past-due benefits awarded after a favorable decision. *See* Doc 25-1. Counsel entered this agreement despite the risk of receiving no recovery if he did not achieve a favorable outcome. There is no evidence of "fraud or overreaching" in the negotiation of the Contingency Fee Agreement. *See Crawford*, 586 F.3d at 1145. Further, the Contingency Fee Agreement comports with standard contingency fee agreements commonly employed in social security cases. *Sinha v. Bisignano*, No. 23-CV-00363-BAS-BGS*,* 2025 WL 1616796, at *3 (S.D. Cal. June 6,

2025). Moreover, Counsel gave plaintiff the opportunity to oppose the Motion for Attorney's Fees and plaintiff did not do so. *Id*. Thus, the Court concludes the fee agreement between plaintiff and Counsel is reasonable and statutorily permissible under 42 U.S.C. § 405(b) because it does not exceed twenty-five percent (25%) of the past-due benefits awarded. *See Crawford*, 586 F.3d at 1147.

The Court also concludes that the requested fees are reasonable. There is no evidence of substandard representation herein as underscored by plaintiff's success before this Court and the Social Security Administration on remand. Similarly, the Court does not find any support in the record to suggest Counsel needlessly prolonged the administrative proceedings to increase past-due benefits and increase his fee. Thus, the first two factors identified in *Crawford* do not support a fee reduction. *See Sinha*, 2025 WL 1616796, at *3 (citing *Crawford*, 586 F.3d at 1146).

Counsel provided his time records demonstrating that he spent 16.7 hours on plaintiff's case at the District Court level. Dkt. Nos. 25 at 3; 25-4. The requested fees of $24,450.00 amount to an hourly rate of $1,437.00. *Id*. at 5. Although an hourly rate of $1,437.00 is high, *Gisbrecht* and *Crawford* make clear that the lodestar analysis does not control the evaluation under § 406(b). *See Sinha,* 2025 WL 1616796, at *3 (finding that the consideration of the hourly rate was not helpful in determining whether the fee constitutes a windfall nor did the court wish to penalize counsel for achieving a favorable result efficiently); *see also Sproul v. Astrue*, No. 11-CV-1000-IEG DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (basing a reasonableness determination on an hourly rate basis alone is inappropriate when an attorney is working pursuant to a reasonable contingency contract that runs a substantial risk of loss).

Further, the hourly rate of $1,437 still falls within the general range of fees found reasonable in other similar cases. *See, e.g.*, *Roland S. v. Kijakazi*, No. 3:20-CV-01068-AHG, 2023 WL 6966153, at *3 (S.D. Cal. Oct. 20, 2023)(approving a *de facto* hourly rate of $1,438.35); *see also Desiree D. v. Saul*, No. 3:19-CV-01522-RBM, 2021 WL 1564331, at *3 (S.D. Cal. Apr. 20, 2021)(approving a *de facto* hourly rate of $1,494.34); *see also*

*Martinez v. Saul*, No. 15-CV-1994-BTM-BGS, 2019 WL 3322481, at *2 (S.D. Cal. July 24, 2019)(approving a *de facto* hourly rate of $1,488.83).

Finally, the requested fees do not constitute a windfall and therefore do not require a downward adjustment. *Gisbrecht*, 535 U.S. at 808. Although Counsel is authorized to seek twenty-five percent (25%) of plaintiff's past-due benefits under the Contingency Fee Agreement, Counsel voluntarily reduced the fee by $1,000.00 amounting to twenty-four percent (24%) of the past-due benefits. While this voluntary reduction may not be as substantial as that in *Crawford*, where the court looked at three separate cases, each reducing their fees within the range of thirteen to sixteen percent (13%-16%), Counsel's discretionary reduction nonetheless demonstrates good faith and provides additional support for the reasonableness of the requested fee. *See Crawford,* 586 F.3d at 1151-52 (considering that counsel had voluntarily reduced the fees from the allowable twenty-five percent (25%) in analyzing whether the attorney enjoyed a "windfall"); *see also Grant v. O'Malley*, No. 8:22-CV-00314-MAA, 2024 WL 6885457, at *4 (C.D. Cal. Mar. 13, 2024)(finding a reduction of $700.50, which amounted to approximately twenty-three point eight percent (23.8%) of total past-due benefits, did not result in a windfall); *Leslie Ann A. v. Kijakazi,* No. CV 21-02727-RAO, 2022 WL 16787825, at *2 (C.D. Cal. Nov. 7, 2022)(considering a voluntary reduction of $1,301.78, approximately twenty-two percent (22%) of total past-due benefits, in analyzing whether the requested fees were reasonable). Therefore, the Court considers that Counsel's election to seek less than the contractually authorized maximum, though modest, supports a finding that the fee is "not excessively large in relation to the benefits achieved" and therefore does not constitute a windfall. *See Crawford*, 586 F.3d at 1151.

In sum, the Court finds that the requested fees are reasonable. Plaintiff agreed to a contingency fee of up to twenty-five percent (25%) of past-due benefits with Counsel bearing the risk of non-payment if the appeal proved unsuccessful. The record contains no evidence of substandard representation or dilatory conduct aimed at increasing the accrued amount of past-due benefits. Rather, Counsel efficiently secured a favorable award for

1  plaintiff and is therefore entitled to the maximum allowable fee amount, yielding an hourly
2  rate within the range found reasonable in comparable cases. Accordingly, no downward
3  adjustment is warranted, and the Court will grant the Motion for Attorney's Fees in the
4  amount of $24,450.00.

   b.  <u>The Court Orders Counsel to Remit $3,225.00 to Plaintiff</u>

   In awarding fees under § 406(b), the Court acknowledges plaintiff's previous EAJA award of $3,225.00. Dkt. No. 24. Here, Counsel will receive fees under both the EAJA and § 406(b) for the same work performed before this Court. Therefore, the Court orders Counsel to remit $3,225.00 to plaintiff for the EAJA fees already awarded.

### IV.  CONCLUSION

For the foregoing reasons, the Motion for Attorney's Fees is **GRANTED** under 42 U.S.C. § 406(b). Dkt. No. 25. The Commissioner is directed to remit **$24,450.00** directly to Counsel. The Court further **ORDERS** Counsel to reimburse plaintiff in the amount of **$3,225.00**.

**IT IS SO ORDERED**

Dated:  November 19, 2025

_____
Hon. Karen S. Crawford
United States Magistrate Judge